UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


ELEC-TECH INTERNATIONAL    )
(H.K.) COMPANY, LTD.,        )
                             )
        Plaintiff,           )
                             )
    vs.                      )         Case No. 4:06CV1447 CDP
                             )
DIRECT SALES LTD., et al.,   )
                             )
        Defendants.          )


## MEMORANDUM AND ORDER

This is a contract and trademark dispute in which plaintiff Elec-Tech claims

it is owed approximately $340,000 for barbecue grills it shipped to the defendants

between September 2004 and June 2005.  Defendants have counter-claimed for

breach of contract and unjust enrichment, claiming that they have not been

properly compensated for services they provided to Elec-Tech.   Defendants also

assert claims of trademark infringement, arguing that their "Grill Best" trademark

was misappropriated by the plaintiff.

Elec-Tech has moved for summary judgment on its breach of contract claim,

as well as on Counts II- VI of the defendants' counter-claim.  Because disputes of

material fact preclude entry of summary judgment, I will deny plaintiff's motion.

In ruling on summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Elec-Tech argues it is entitled to summary judgment on its contract claim because defendants have failed to put forth any evidence contradicting the statement that Elec-Tech is owed the $340,000. Defendants respond by arguing that they are entitled to set off any payments owed to Elec-Tech with unpaid sums due under a consulting agreement. The material fact dispute is apparent on its face. I cannot say as a matter of law that Elec-Tech is entitled to the relief it seeks. Moreover, Elec-Tech concedes that the issue of piercing the corporate veil among the defendants is a jury question. It would therefore be impossible for me to enter a judgment at this stage against any one defendant.

Additionally, summary judgment is inappropriate on defendants' counter-claim. Elec-Tech points to an absence of evidence put forth by defendants showing when and how Elec-Tech misused defendants' trademark. But Elec-Tech refused to turn over discovery on this issue before it filed its summary judgment

motion. Defendants' response to the motion was filed before I issued an order

compelling Elec-Tech to turn over the necessary discovery. Defendants could not

have been expected to already know facts about what Elec-Tech did with the

trademark without having any discovery. Additionally a material fact dispute

exists as to whether defendants approved Elec-Tech's use of the trademark.

Viewing the facts in the light most favorable to the non-moving party, summary

judgment is inappropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment

[#63] is DENIED. The parties are reminded that their pretrial submissions remain

due no later than 20 days before trial.


 

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2008.